NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| FIRST MUTUAL GROUP, LP, <br><br> Plaintiff, <br> v. <br><br> VAZIRANI, <br><br> Defendant. | Civil Action No. 14-cv-6762 (SRC) <br><br> OPINION |

**CHESLER**, District Judge

This matter comes before the Court upon the motion to dismiss filed by Defendant Vicky Vazirani ("Defendant"). Plaintiff First Mutual Group ("Plaintiff") opposes the motion. The Court has considered the parties' submissions and proceeds to rule without oral argument. For the reasons set forth below, the Court will grant Defendant's motion and dismiss the Complaint without prejudice.

I. BACKGROUND

A. Factual History

In this case, the assignee of a property loan claims that an inaccurate appraisal of that property constituted a contractual breach and negligent conduct. The Court takes the following facts from the Complaint and assumes them to be true for purposes of this motion only.

Defendant Vicky Vazirani is a licensed New Jersey real estate appraiser. Defendant conducted an appraisal ("the Appraisal") of real property located at 346 Washington Avenue, Elizabeth, New Jersey ("the Property"). Defendant appraised the Property at $565,000. Plaintiff

1

claims that the Property's true value was far less.

On the basis of the Appraisal, East West Mortgage Company ("the Lender") approved a $112,978 loan on the Property.  Plaintiff contends that had Defendant accurately appraised the Property, the Lender would not have approved the loan.  On October 16, 2008, the Property was foreclosed upon.  The Lender did not recoup any amount of the loan.

Plaintiff was assigned the Lender's rights on the loan.  In October of 2013, Plaintiff discovered alleged errors in the Appraisal.  Plaintiff contends that Defendant failed to comply with numerous applicable appraising guidelines.

### B.  Procedural History

Plaintiff filed a Complaint against Defendant in this Court on October 29, 2014.  In the Complaint, Plaintiff pleads the following three claims:  (1) breach of contract; (2) negligence; and (3) gross negligence.  This Court has diversity jurisdiction over the matter.

On March 26, 2015, Defendant moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  In support of the motion, Defendant argues that Plaintiff's claims are time-barred by the applicable statute of limitations.  Defendant further urges that no exception to that bar applies under the circumstances.

Plaintiff opposes the motion.  Plaintiff argues that the statute of limitations did not begin to run until Plaintiff discovered the appraisal errors at issue, which took place in October of 2013, and contends that there was no reason to discover the errors earlier.  Alternatively, Plaintiff suggests that the statute of limitations defense cannot apply at this stage because lateness is not apparent on the face of the pleadings.

II.     DISCUSSION

    A. Motions to Dismiss

A complaint will survive a motion to dismiss under Rule 12(b)(6) only if it states "sufficient factual allegations, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (quoting Bell Atlantic v. Twombly, 550 U.S. 554, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). Following Iqbal and Twombly, the Third Circuit has held that to prevent dismissal of a claim the complaint must show, through the facts alleged, that the plaintiff is entitled to relief. Fowler v. UPMC Shadyside, 578 F.3d 203, 211 (3d Cir. 2009). In other words, the facts alleged "must be enough to raise a right to relief above the speculative level[.]'" Eid v. Thompson, 740 F.3d 118, 122 (3d Cir. 2014) (quoting Twombly, 550 U.S. at 555).

While the Court must construe the complaint in the light most favorable to the plaintiff, it need not accept a "legal conclusion couched as factual allegation." Baraka v. McGreevey, 481 F.3d 187, 195 (3d Cir. 2007); Fowler, 578 F.3d at 210-11; see also Iqbal, 556 U.S. at 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, will not suffice." Iqbal, 556 U.S. at 678. In reviewing a motion to dismiss under Rule 12(b)(6), a court may consider the allegations of the complaint, as well as documents attached to or specifically referenced in the complaint, and matters of public record. See Pittsburgh v. W. Penn Power Co., 147 F.3d 256, 259 (3d Cir. 1998) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1357 (2d ed.1990)).

When evaluating a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court must consider the complaint in its entirety, and the Court may also consider "documents incorporated into the complaint by reference, and matters of which the court may take judicial notice." Tellabs, Inc. v. Makor Issues & Rights, 551 U.S. 308, 322-23 (2007).

### B. Timeliness of this Action

Defendant urges that Plaintiff's Complaint is time-barred. For the following reasons, the Court agrees.

Under New Jersey law, there is a six-year Statute of Limitations for actions alleging negligent appraisal or contractual breach. See Vision Mortgage Corp. v. Patricia J. Chiapperini, Inc., 722 A.2d 527, 528-29 (N.J. 1999) (applying six-year limitation to negligent appraisal action); see also N.J.S.A. § 2A:14-1 ("Every action at law for trespass to real property, for any tortious injury to real or personal property . . . for any tortious injury to the rights of another . . . or for recovery upon a contractual claim or liability, express or implied . . . shall be commenced within 6 years next after the cause of any such action shall have accrued.") (emphasis added). Plaintiff in this action does not appear to contest that a six-year Statute of Limitations is the governing timeframe; instead, Plaintiff argues that an exception to that statute applies.

Pursuant to an equitable principle referred to as the "discovery rule," a Statute of Limitations may be tolled until the time when a plaintiff "knew or had reason to know" about the "basis for an actionable claim." Lopez v. Swyer, 300 A.2d 563, 565-6 (N.J. 1973). Of course, it "is not every belated discovery that will justify an application of the rule lifting the bar of the limitations statute." Id. at 567. Instead, courts require that a plaintiff have exercised "reasonable diligence and intelligence" to learn of the basis for its claim. Lynch v. Rubacky, 424 A.2d 1169, 1171 (N.J. 1981) (internal citation and quotation marks omitted). The New Jersey Supreme

4

Court recently observed that with respect to the discovery rule, the essential issue is "whether the facts presented would alert a reasonable person exercising ordinary diligence that he or she was injured due to the fault of another." Kendall v. Hoffman-La Roche, Inc., 36 A.3d 541, 552 (N.J. 2012) (internal citation and quotation marks omitted). The Court further noted that "legal and medical certainty are not required for a claim to accrue . . . . [A] plaintiff need not be informed by an attorney that a viable cause of action exists, nor does a plaintiff need to understand the legal significance of the facts." Id. at 553 (internal citations omitted).

Here, the Court must examine when Plaintiff knew or should have known that it had been harmed by the allegedly faulty appraisal. Because Plaintiff is an assignee to the Lender's rights on the underlying loan, the Court also looks to whether the Lender or any of its prior assignees would have had reason to know about the potential claim against Defendant. In other words, any time-bar that would have limited the Lender's ability to sue Defendant will also bar its current assignee, Plaintiff. See Animal Sci. Products, Inc. v. China Minmetals Corp., 34 F. Supp. 3d 465, 510 (D.N.J. 2014) (McNulty, J.) ("It is elementary ancient law that an assignee never stands in any better position than his assignor. He is subject to all the equities and burdens which attach to the property assigned because he receives no more and can do no more than his assignor") (quoting Int'l Ribbon Mills, Ltd. v. Arjan Ribbons, Inc., 325 N.E.2d 137, 139 (N.Y. 1975)).

Typically, a motion to dismiss cannot be based on a Statute of Limitations defense, but it may be so based if "the complaint facially shows noncompliance with the limitations period and the affirmative defense clearly appears on the face of the pleading." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1385 (3d Cir. 1994). In this case, Plaintiff's Complaint does not explicitly state the date that the allegedly deficient Appraisal took place. The Complaint does, however, explicitly reference and cite from the Appraisal report itself, which would render

5

it subject to consideration on this motion.  Id.  Neither party provided the Court with the Appraisal report.  Nevertheless, the facts alleged in the Complaint provide sufficient information for the Court to ascertain the relevant timeline.

The Complaint makes clear that the Appraisal preceded the Lender's loan on the property, as well as the subsequent foreclosure upon it.  The Complaint pleads that the foreclosure took place on October 16, 2008.  That event is significant in this analysis, as its occurrence "would alert a reasonable person exercising ordinary diligence that he or she was injured due to the fault of another."  Hoffman-La Roche, supra, 36 A.3d at 552.  Had the holder of the loan -- and in whose shoes Plaintiff now stands -- exercised "reasonable diligence and intelligence," Rubacky, supra, 424 A.2d at 1171, it would have discovered the allegedly gross miscalculation of the property's value when that loan defaulted.  Defendant's identity, moreover, would have been readily knowable at that time, as Defendant allegedly issued the Appraisal report.  Thus, even if this Court accepts the latest possible "discovery" date that could be reasonable under the Discovery rule -- October 16, 2008 -- the Complaint in this case was not filed within six years of that date.  Plaintiff certifies that he filed his Complaint on October 23, 2014; the electronic docket reflects a filing date of October 28, 2014.  This disparity is inconsequential, as both dates fall beyond the limitations period.

Finally, as a normative policy consideration, the Court understands that Plaintiff did not enter the picture until Plaintiff received its assignment on the loan.  Plaintiff makes a non-frivolous pitch as to why an appraiser should foresee that third-parties will rely upon an appraisal long after it is conducted.  Yet under well-established legal principles, assigning an otherwise expired claim cannot resurrect that claim, lest parties be permitted to contravene Statutes of Limitations and their underlying goals.  See Farrell v. Votator Div. of Chemetron Corp., 299

A.2d 394, 396 (N.J. 1973) ("Statutes of limitations are designed to stimulate litigants to pursue their causes of action diligently and 'to spare the courts from litigation of stale claims.' They penalize dilatoriness and serve as measures of repose.") (internal citations omitted).

### III.  CONCLUSION

For the foregoing reasons, the Court finds that Plaintiff's action is barred by the applicable six-year Statute of Limitations. The Court will accordingly grant Defendant's motion to dismiss. An appropriate Order will be filed.

       s/ Stanley R. Chesler
      STANLEY R. CHESLER
     United States District Judge

Dated:  May 26, 2015